IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

**ALONZO DEADWILER, Individually and**                              **PLAINTIFFS**
**On Behalf Of All Others Similarly Situated**


vs.                              No. 1:15-cv-2408


**WELLS FARGO BANK, NATIONAL ASSOCIATION**                    **DEFENDANT**

## ORIGINAL COMPLAINT
## FOR REPRESENTATIVE ACTION

COMES NOW Plaintiff Alonzo Deadwiler, individually and on behalf of all others similarly situated, by and through his attorney Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint for Representative Action, does hereby state and allege as follows:

## I.

## PRELIMINARY STATEMENTS

1.      This is an action brought by Plaintiff Alonzo Deadwiler, individually and on behalf of all others similarly situated, against Defendant Well Fargo Bank, National Association. ("Defendant").

2.      Plaintiff, individually and on behalf of all others similarly situated, brings this action under the Fair Labor Standards Act, 29 US.C. § 201, *et seq.* ("FLSA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, civil penalties and costs, including reasonable attorneys' fees as a result of Defendant's commonly applied policy and practice of failing to pay Plaintiff and all others similarly

situated the overtime premium compensation for the hours in excess of forty hours in a single week that they were/are made to work.

3.     This is a representative action under Section 216 of the FLSA, 29 U.S.C. § 216. Plaintiff is similarly situated to a larger group of employees who were not paid in accordance with the requirements of the FLSA.

4.     The proposed Section 216 class is composed of all employees who are or were employed by Defendant as personal bankers within the United States, who, during the applicable time period, worked/work for Defendant and were/are denied their fundamental rights under applicable federal wage and hour laws.

5.     The proposed Section 216 class will seek recovery of monetary damages for all overtime worked by Plaintiff and the putative class members.

6.     This is a class action under Rule 23 of the Federal Rules of Civil Procedure. Plaintiff is a member of a class of personal bankers who were deprived of wages in violation of the Colorado Minimum Wages of Workers Act ("CMWWA"), Colo. Rev. Stat. §§ 8-6-101 et. seq.

7.     Plaintiff individually also brings this action pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e et seq., for declaratory judgment, compensatory damages, and costs, including a reasonable attorney's fee as a result of unlawful discriminatory practices.

## II.

## <u>THE PARTIES</u>

8.     Plaintiff Alonzo Deadwiler is a resident and citizen of Garfield County, Colorado.

9.      At all times relevant hereto, Plaintiff was paid an hourly wage for his work of personal banking for Defendant at various of Defendant's branches in Colorado.

10.     Plaintiff worked for Defendant within the three years preceding the filing of this lawsuit.

11.     In most workweeks, Plaintiff worked in excess of 40 hours.

12.     Defendant failed to pay Plaintiff overtime premiums for all hours worked in excess of forty per week as required by law.

13.     Defendant Wells Fargo Bank, N.A., is a foreign for-profit corporation, engaged in providing banking services throughout the State of Colorado and the United States.

14.     Defendant has annual gross revenues exceeding $500,000.00.

15.     Defendant's principal address is 101 North Phillips Avenue, Sioux Falls, South Dakota 57104.

16.     Defendant was at all times relevant hereto Plaintiff's employer, and is and has been engaged in interstate commerce as that term is defined under the FLSA.

17.     Defendant has as its registered agent for service Corporation Service Company, which is located at 1560 Broadway, Suite 2090, Denver, Colorado 80202.

**III.**

**JURISDICTION AND VENUE**

18.     The United States District Court for the District of Colorado has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA and Title VII.

19.     This Complaint also alleges violations of the CMWWA, which alleged violations arising out of the same set of operative facts as the FLSA action herein alleged; accordingly, this state cause of action would be expected to be tried with the FLSA claim in a single judicial proceeding.

20.     This Court has pendent jurisdiction over that claim pursuant to 28 U.S.C. § 1367(a).

21.     The acts complained of herein were committed and had their principal effect against Plaintiff within the District of Colorado; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## IV.

## <u>FACTUAL ALLEGATIONS</u>

22.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

23.     Plaintiff was an employee of Defendant within the three years preceding the filing of this Complaint.

24.     Plaintiff was employed by Defendant as a personal banker having the title "personal banker," "teller," or an equivalent title.

25.     Plaintiff's primary duties as a personal banker was to handle money and accounts for Defendant's customers.

26.     Defendant pays personal bankers an hourly rate.

27.     Defendant tracked Plaintiffs' hours worked using an electronic software system.

28.     It is Defendant's policy or practice to require personal bankers, including Plaintiff, to review training materials, take customer calls, and complete transactions with customers after the personal bankers have been "clocked out" of Defendant's electronic time monitoring system.

29.     Plaintiff worked over forty hours in most if not all workweeks.

30.     Plaintiff was paid 1.5 times his regular rate of pay for all reported hours he worked in excess of 40 in each workweek, but Plaintiff was not paid for the time he worked for Defendant off-the-clock.

31.     Defendant failed to pay Plaintiff for his overtime hours worked at the rates required by the FLSA.

## V.

## <u>REPRESENTATIVE ACTION ALLEGATIONS</u>

32.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

33.     Plaintiff brings his claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of all persons similarly situated as personal bankers who were, are, or will be employed by Defendant and were improperly remunerated during weeks in which they worked more than 40 hours at any time within the applicable statute of limitations period.

34.     Plaintiff asserts violations of the FLSA on behalf of all persons who were employed by Defendant as personal bankers for Defendant's business from three years prior to the date of the filing of this lawsuit, through the time of the trial of this case.

35.    Plaintiff is unable to state the exact number of the class but believe that the class exceeds 3,000 persons.

36.    Defendant can readily identify the members of the class, who are a certain portion of the current and former employees of Defendant.

37.    The names and physical and mailing addresses of the probable FLSA collective action plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action plaintiffs via, among other methods, first class mail to their last known physical and mailing addresses as soon as possible.

38.    The email addresses of many of the probable FLSA collective action plaintiffs are available from Defendant, and notice should be provided to the probable FLSA collective action plaintiffs via email to their last known email address as soon as possible.

39.    The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendant which violated the FLSA, including:

(a)    Defendant's uniform underpayment to them as personal bankers for Defendant's business under the FLSA; and

(b)    Defendant's failure to pay members of the class overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

40.    Plaintiff brings his claim for relief for violation of the CMWWA as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of all personal bankers who were, are, or will be employed by Defendant and were improperly remunerated during weeks in which they worked more than 40 hours at any time within the applicable statute of limitations period.

41.     The Class is so numerous that joinder of all members is impractical. While the exact number and identities of Class members are unknown at this time, and can only be ascertained through appropriate discovery, Plaintiff believes that at least twenty-five (25) and as many as three hundred (300) putative class members have worked for Defendant without appropriate pay, as described herein, during the applicable statutory period.

42.     This litigation is properly brought as a class action because of the existence of questions of fact and law common to the Class which predominate over any questions affecting only individual members, including:

   (a) The compensability of Plaintiff and member of the class's time spent reviewing training materials after the conclusion of the workday;

   (b) Whether Plaintiff and members of the Class worked off the clock;

   (c) Whether Defendant has failed to pay Plaintiff and members of the Class regular wages and overtime compensation for all of the hours over forty (40) each week;

   (d) Whether Defendant properly calculated the overtime pay owed to Plaintiff and members of the Class.

43.     This litigation is properly brought as a class action because Plaintiff's claims are typical of the claims of the members of the Class, inasmuch as all such claims arise from Defendant's standard policies and practices, as alleged herein.  Like all Class members, Plaintiff was injured by Defendant's policies and practices of failure to pay personal bankers for all the hours worked and failure to pay overtime premiums for all hours worked in excess of forty (40) per week.

44.    Plaintiff has no interests antagonistic to the interests of the other members of the Class.  Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in class litigation.  Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

45.    A class action is an appropriate and superior method for the fair and efficient adjudication of the present controversy given the following factors:

     (a) Common questions of law and/or fact predominate over any individual questions which may arise, and, accordingly, there would accrue enormous savings to both the Court and the Class in litigating the common issues on a class-wide instead of on a repetitive individual basis;

     (b) Despite the relatively small size of individual Class members' claims, their aggregate volume, coupled with the economies of scale inherent in litigating similar claims on a common basis, will enable this case to be litigated as a Class action on a cost-effective basis, especially when compared with repetitive individual litigation; and

     (c) No unusual difficulties are likely to be encountered in the management of this class action in that all questions of law and/or fact to be litigated at the liability stage of this action are common to the Class.

46.    Plaintiff is aware of no members of the proposed class who have an interest in individually controlling the prosecution of separate actions; neither is Plaintiff aware of any other litigation concerning this particular controversy.

47.    Class certification is fair and efficient because prosecution of separate actions by individual Class members would create a risk of differing adjudications with respect to such individual members of the Class, which as a practical matter may be dispositive of the interests of other members not parties to the adjudication, or substantially impair or impede their ability to protect their interests.

## VI.

## TITLE VII ALLEGATIONS

48.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

49.     As part of Plaintiff's employment with Defendant, he was eligible to participate in a licensure program sponsored by Defendant if he met certain fixed goals.

50.     In June of 2016, after meeting the goals set by Defendant, Plaintiff submitted his application for the licensure program.

51.     As part of his application, Plaintiff was asked to disclose any criminal convictions or acts of distrust.

52.     After submitting his application, Plaintiff was informed by a representative of Defendant who was responsible for reviewing Plaintiff's application that a charge was discovered upon investigating his criminal background, which must be cleared prior to approval.

53.     Plaintiff submitted documents showing that the charge had been dismissed and that Plaintiff had never been convicted, as well as a picture of his photo identification.

54.     After submitting his photo identification, Defendant's representative who was responsible for Plaintiff's application informed Plaintiff that he was no longer eligible for the licensure program because Plaintiff was a "liar" and had been untruthful on his application.

55.     Plaintiff called the same representative to clarify the reasons his application was denied and the representative threatened to report Plaintiff for harassment.

56.     On several previous occasions, white applicants for the same licensure program had submitted applications that failed to disclose criminal charges.

57.     On these occasions the applicants were asked to re-submit their applications. They were not rejected as being "untruthful."

58.     The real reason Plaintiff's application was rejected was his race.

## VII.

## FIRST CLAIM FOR RELIEF

### (Individual Claim for Violation of FLSA Overtime Wage Violations)

59.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

60.     Defendant has failed and refused to comply with the FLSA's wage requirements by failing to pay Plaintiff one and one half times his regular rate for all hours worked in excess of forty hours per week during Plaintiff's employment as described in this Complaint.

61.     More often than not, each Plaintiff worked more than forty (40) hours per week without premium overtime pay.

62.     Defendant deprived Plaintiff of overtime compensation for all of the hours over forty (40) per week in violation of the FLSA.

63.     Defendant violated the FLSA by failing to pay overtime compensation to Plaintiff.  The FLSA regulates, among other things, the payment of overtime pay by

employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

64.     Defendant is and has been subject to the overtime pay requirements of the FLSA because it, as an enterprise, and its employees are engaged in commerce.

65.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

66.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint, plus periods of equitable tolling.

67.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay and unpaid minimum wages described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

68.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

**VIII.**

**SECOND CLAIM FOR RELIEF**

**(Class Action Claim for Violations of the FLSA Overtime Provisions
by Plaintiff and All Those Similarly Situated Class Members)**

69.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint
as though fully set forth herein.

70.     Defendant has failed and refused to comply with the FLSA's wage
requirements by failing to pay Plaintiff and similarly situated members of the class one
and one half times their regular rate for all hours worked in excess of forty hours per
week during their employment as described in this Complaint.

71.     Defendant required Plaintiff and similarly situated members of the class to
work in excess of forty (40) hours each week but failed to pay Plaintiff and the class
members overtime premium compensation for all of the hours in excess of forty (40) in
each workweek.

72.     Defendant deprived Plaintiff and the class members overtime premium
compensation for all of the hours over forty (40) per week, in violation of the FLSA.

73.     Defendant's conduct and practice, as described above, has been and is
willful, intentional, unreasonable, arbitrary and in bad faith.

74.     By reason of the unlawful acts alleged herein, Defendant is liable to
Plaintiff and the class members for monetary damages, liquidated damages and costs,
including reasonable attorney's fees provided by the FLSA for all violations which
occurred beginning at least three (3) years preceding the filing of Plaintiff's original
complaint, plus periods of equitable tolling.

75.     Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiff and the class members are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium wages described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

76.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and the class members as provided by the FLSA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## IX.

## THIRD CLAIM FOR RELIEF

## (Individual Claim for Violation of the Colorado Minimum Wages of Workers Act)

77.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

78.     Defendant violated the Colorado Minimum Wages of Workers Act ("CMWWA"), Colo. Rev. Stat. §§ 8-6-101 et. seq., by failing to pay Plaintiff the minimum wages required by the CMWWA for all hours worked.

79.     Defendant has failed and refused to comply with the CMWWA's wage requirements by failing to pay Plaintiff one and one half times his regular rate for all hours worked in excess of forty hours per week during Plaintiff's employment as described in this Complaint.

80.     More often than not, Plaintiff worked more than forty (40) hours per week without premium overtime pay.

81.     Defendant is and has been subject to the overtime pay requirements of the CMWWA because it a corporation employing persons in Colorado.

82.     Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

83.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, including unpaid wages and reasonable attorney's fees provided by the CMWWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's initial complaint.

## X.

## FOURTH CLAIM FOR RELIEF

## (Class Claim for Violation of the Colorado Minimum Wages of Workers Act)

84.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

85.     Defendant has failed and refused to comply with the CMWWA's wage requirements by failing to pay Plaintiff and all other members of the Rule 23 class one and one half times their regular rate for all hours worked in excess of forty hours per week during their employment as described in this Complaint.

86.     Defendant required Plaintiff and all other members of the Rule 23 class to work in excess of forty (40) hours each week but failed to pay Plaintiff and the class members overtime premium compensation for all of the hours in excess of forty (40) in each workweek.

87.     Defendant deprived Plaintiff and all other members of the Rule 23 class overtime premium compensation for all of the hours over forty (40) per week, in violation of the CMWWA.

88.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

89.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and the class members for monetary damages, including unpaid wages and reasonable attorney's fees provided by the CMWWA for all violations which occurred beginning at least three (3) years preceding the filing of Plaintiff's original complaint, plus periods of equitable tolling.

## XI.

## FIFTH CLAIM FOR RELIEF

## (Individual Claim for Violation of the Anti-Discriminatory Provisions of Title VII)

90.     Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

91.     Defendant discriminated against Plaintiff by denying him an advancement that he was qualified for.

92.     Defendant's justification for denying Plaintiff's application was a pretense for discriminating against Plaintiff based on his race.

93.     Defendant's denial of Plaintiff's application is a departure not only from the long-standing practices and policies of Defendant, but a departure from Defendant's treatment of some of its of other employees.

94.     Plaintiff has been singled out and treated differently because of his race.

95.     Defendant's actions are a direct and willful violation of Title VII's anti-discrimination provisions at subsection 2000e-2, which forbids employers from discriminating against any employee with respect to his or her privileges of employment because of his or her race.

96.     It is "an unlawful employment practice for an employer to . . .discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

## XII.

## PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Alonzo Deadwiler, individually and on behalf of all others similarly situated, respectfully prays for declaratory relief and damages as follows:

(a)     A declaratory judgment that Defendant's practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(b)     A declaratory judgment that Defendant's practices alleged herein violate the Colorado Minimum Wages of Workers Act ("CMWWA"), Colo. Rev. Stat. §§ 8-6-101 *et seq.*;

(c)     Judgment for damages for all unpaid overtime and minimum wage compensation under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(d)     Judgment for damages for all unpaid overtime and minimum wage compensation under the Colorado Minimum Wages of Workers Act ("CMWWA"), Colo. Rev. Stat. §§ 8-6-101 *et seq.*;

(e)     Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201 *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the Class during the applicable statutory period;

(f)     Judgment for any and all civil penalties to which Plaintiff and all other similarly situated employees may be entitled;

(g)     An order directing Defendant to pay Plaintiff and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action;

(h)     Judgment for lost wages due to Defendant's discrimination against Plaintiff;

(i)     Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**ALONZO DEADWILER, Individually and on Behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD, SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By:    */s/ Josh Sanford*
       Josh Sanford
       Col. Bar No. 44358
       Josh@sanfordlawfirm.com